UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 14-278-JMH-CJS

CHRISTOPHER M. MAJOR                                                                    PETITIONER

v.                           REPORT AND RECOMMENDATION

COMMONWEALTH OF KENTUCKY, ET AL.                                        RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On July 8, 2014, Petitioner Christopher M. Major, an inmate currently incarcerated in the Northpoint Training Center, Burgin, Kentucky, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] (*See* R. 1). Consistent with local practice, the matter has been referred to the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it will be **recommended** that the District Court **dismiss** Major's Petition for a Writ of Habeas Corpus.

I.  PRELIMINARY REVIEW STANDARD

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition

---

[1] Although the Clerk of Court received and docketed the Petition on July 11, 2014, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Here, the *pro se* Petition was signed by Petitioner on July 8, 2014. (*See* R. 1, at 8). Applying the prisoner mailbox rule, the Court deems the Petition to have been filed on July 8, 2014. *See Houston v. Lack*, 487 U.S. 266, 273 (1988); *see also* Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.

and requiring a response.[2]  Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Because preliminary review reveals that the Petition in this case is both time-barred and procedurally defaulted, Rule 4 mandates that it be dismissed without requiring a formal response.

II.     PROCEDURAL BACKGROUND

On March 17, 2008, Major pleaded guilty in the Circuit Court of Jessamine County, Kentucky, to a four-count indictment charging him with: (1) driving under the influence–his fourth or subsequent offense within a five-year period; (2) driving under the influence with a suspended license, second offense; (3) receiving stolen property worth over $300.00; and (4) being a first-degree persistent felony offender ("PFO").[3]  (R. 2-1).  On April 26, 2008, the Jessamine Circuit Court sentenced Petitioner to a total term of incarceration of 15 years in light of the PFO enhancement.  (*Id.*).  Major did not file a direct appeal.[4]

---

[2] District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition.  See *Day v. McDonough*, 547 U.S. 198, 210 (2006).  It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections.  See *Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate judge's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation).

[3] A copy of the docket sheet for Petitioner's state court case was obtained from the Jessamine County Circuit Court.  The dates referred to in this report and recommendation were obtained either from review of the Jessamine County Circuit Court's docket sheet ("case history") or were dates referred to in Kentucky Court of Appeals' decisions for Petitioner's state appellate criminal proceedings, which decisions were obtained from Westlaw.

[4] Major maintains that he filed a direct appeal of his conviction with the Jessamine County Circuit Court, which appeal was denied by the Circuit Court on January 5, 2009, and affirmed by the Court of
(continued...)

On September 18, 2008, Major sought post-conviction relief by filing a motion for collateral relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, which was denied by the state trial court. *See Major v. Commonwealth*, No. 2008-CA-001855-MR, 2009 WL 4060490 (Ky. Ct. App. Nov. 25, 2009). Petitioner appealed, and the Court of Appeals affirmed the trial court's decision on November 25, 2009. (*Id.*). There is no indication that Petitioner sought discretionary review from the Kentucky Supreme Court. Therefore, the Court of Appeals' decision became final on December 25, 2009. *See* Ky. R. Civ. P. 76.20(2) (motion for discretionary review by Kentucky Supreme Court must be filed within 30 days of Court of Appeals' decision sought to be reviewed). On May 26, 2010, Major filed a Kentucky Rule of Civil Procedure ("CR") 60.02 Motion, which the trial court also denied. *See Major v. Commonwealth*, No. 2011-CA-000459-MR, 2012 WL 3136814 (Ky. Ct. App. Aug. 3, 2012). On appeal, the Kentucky Court of Appeals affirmed. (*Id.*). The Kentucky Supreme Court denied discretionary review on March 13, 2013, at which point the Court of Appeals' decision became final. (*Id.*).

On May 14, 2014, Major filed a "Notice of Removal" in this Federal District Court seeking to remove his criminal case from state to federal court and requesting immediate release from prison. *Major v. Kentucky*, No. 5:14-cv-188-JMH (hereinafter *Major I*), (R. 1 therein). Major also filed in *Major I* a "Motion for Relief Pursuant to Rule 60," (R. 4 therein); a "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation [sic]," (R. 5 therein); and a "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," (R. 7 therein). Although Major deposited these additional motions in the institution's internal mailing

---

⁴(...continued)
Appeals on February 11, 2009. (R. 1, at 2-3). However, a review of the case history fails to reflect that a direct appeal of Major's conviction was ever filed.

3

system on June 3, 2014, they were not received by the Clerk of Court and docketed in *Major I* until June 11, 2014.  In the interim, this Court dismissed and remanded *Major I* on June 5, 2014.  (R. 3 therein).  The Court found that removal was not proper because (1) Major's notice of removal failed to allege a deprivation of constitutional rights predicated upon racial discrimination under 28 U.S.C. § 1443(1); (2) the notice of removal under 28 U.S.C. § 1455 was untimely; and (3) Major's criminal prosecution was no longer pending in state court.[5]  (*Id.*).  Major filed a notice of appeal from this dismissal on June 19, 2014 (R. 8 therein), which the Sixth Circuit Court of Appeals held in abeyance until the District Court ruled on the three remaining motions.  (R. 9 therein).  The District Court then denied Major's three remaining ancillary motions on jurisdictional and substantive grounds on June 25, 2014 (R. 10 therein), and ordered that no certificate of appealability would issue as to its order dismissing the case on July 24, 2014.  (R. 14 therein).  On December 11, 2014, the Sixth Circuit also denied Major's application for a certificate of appealability.  (R. 16 therein).

Following dismissal of *Major I*, on June 16, 2014, Major sent new photocopies of his motions for relief–identical in all respects to the ones he filed in *Major I* except for the omission of the prior case number–in three separate envelopes.  Each envelope contained a copy of his "Demand for Jury Trial Pursuant to Rule 38."  One envelope contained Major's "Motion for Relief Pursuant to Rule 60," which was docketed as *Major v. Kentucky*, No. 5:14-cv-250-KKC (E.D. Ky. June 23,

---

[5] In *Major I*, Petitioner sought relief under a number of enumerated federal statutes, including 28 U.S.C. § 2254.  In its Order dismissing and remanding the case, the Court indicated that based upon the styling of the motion and the relief requested, the Court would construe the filing as a notice of removal under 28 U.S.C. §§ 1443, 1455.  Because the Court did not construe Major's petition as a § 2254 claim, the present motion is not barred as a successive petition under 28 U.S.C. § 2244(b).  *See Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 925 (10th Cir. 2008) (noting that where court had previously recharacterized applicant's § 2254 petition as a § 2241 petition, the subsequent filing of a § 2254 petition did not constitute second or successive petition).

2014); a second contained Major's "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," which was docketed as *Major v. Kentucky*, No. 5:14-cv-251-DCR (E.D. Ky. June 24, 2014); and a third contained Major's "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation [sic]," which was docketed as *Major v. Kentucky*, No. 5:14-cv-252-KKC (E.D. Ky. June 24, 2014). All three of those cases were promptly dismissed, in each case the Court advising Major that his motion was improper and that he must challenge his state convictions pursuant to 28 U.S.C. § 2254. In all three of the cases, the Court specifically declined to consider recharacterization of his claims as § 2254 petitions. Recharacterization of Major's claims would be futile, as the Court explained, because a § 2254 petition would be clearly time-barred.

Undeterred, just days later on July 8, 2014, Major filed two new habeas petitions in this Court. In the first petition under § 2241, Major contended that his 2008 convictions were invalid on the same substantive, procedural, and jurisdictional grounds previously asserted. *See* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, *Major v. Bottom*, 5:14-cv-277-JMH (E.D. Ky. Jul. 11, 2014) ECF 1. The Court promptly dismissed the case, noting its prior decisions in which it had previously advised Major that he must seek relief from his Kentucky convictions only under 28 U.S.C. § 2254. (R. 4 therein). The Court also noted that Major's filing of his petition under § 2241, despite three prior orders from the Court clearly indicating that doing so would be improper, rendered the claim frivolous. (*Id.*).

Major's second habeas petition presently before the Court seeks relief from his Kentucky convictions under § 2254. (R. 1). In his Petition, Major asserts five separate grounds for relief:

5

>Ground One: Violation of Declaration of Human Rights, Am. Jur 2d; Const. L. § 22 U.S. Const., KY Const., and Magna Charta.[6]
>Supporting FACTS: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Conviction obtained by use of evidence obtained pursuant to an unconstitutional unlawful arrest.
>
>Ground two: Article III, Amendment I, Amendment V, Amendment VIII, Amendment XIV.
>Supporting FACTS: Conviction obtained by a violation of the privilege against self-incrimination (Boykin v. Ala), Conviction obtained by a violation of the protections against double jeopardy.
>
>Ground three: Article IV, Amendment IV, Amendment VII, Amendment IX.
>Supporting FACTS: Conviction obtained by action of a grand jury which was unconstitutionally selected and impaneled. Denial of effective assistance of counsel, Title V, Federal Civil Judicial Procedure and Rules.
>
>Ground Four: Article VI, Amendment VI, Amendment VIII, 28 USC Title 18.
>Supporting FACTS: Conviction obtained by the unconstitutional failure of the prosecution disclose to the defendant evidence favorable to the accused. Denial of right of appeal.

[*errors in original*] (R. 1 at 5-6).

Major's Petition also lists a fifth ground that he asserts was not previously presented in any court, state or federal: "The fact of an ab-initio totally void indictment." (*Id.* at 6). Major explains

---

[6] 28 U.S.C. § 2254(a) provides: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Here, Petitioner alleges violation of his rights under a number of sources, including the "Declaration of Human Rights," "Am. Jur. 2d," and the "Magna Charta," among others. First, the Universal Declaration of Human Rights is not a treaty or international agreement which imposes legal obligations; rather, it is a statement of principles aimed at providing a common standard for international human rights. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). Furthermore, to the extent Petitioner asserts a violation of his rights under "Am. Jur. 2d," the Court notes that the American Jurisprudence is a legal reference material, and does not create rights. Similarly, the Magna Charta, which no doubt had an influence on the development of the Constitution and other American laws, has no binding precedential effect on this Court. Thus, the Court's review is limited to Petitioner's claims arising under the "Constitution or laws or treaties of the United States."

that he has not previously presented this ground "because of gross-neglect, nepotism, malfeasance, and bias and prejudice." (*Id.*). It is unclear as to whose "gross-neglect" Major complains.

As the Sixth Circuit has previously advised, a § 2254 petition is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[.]" *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (*quoting Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)). Although Major's § 2254 Petition is the proper means through which a prisoner may seek federal habeas relief, for the reasons set forth below, his Petition does not survive preliminary review.

### III.   ANALYSIS

#### A.   The § 2254 petition is time-barred.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (*quoting Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

In the case at bar, on April 26, 2008, the trial court entered judgment and sentenced Major to a total term of incarceration of 15 years. (R. 1, at 1). Under Kentucky law, Major had thirty days to appeal from a judgment or conviction. Major did not file a direct appeal. Thus, his conviction became final on May 26, 2008, upon the expiration of the thirty-day period in which to seek review.

On September 18, 2008, 114 days after his limitations period began to run, Major filed a motion seeking post-conviction relief pursuant to RCr 11.42. Because the time period during which a properly filed application for state post-conviction relief is pending tolls the limitations period, *see* 28 U.S.C. § 2244(d)(2), Major's limitation period was tolled until December 25, 2009, when the Kentucky Court of Appeals' decision became final. On May 26, 2010, 152 days after the limitations period restarted, Major sought post-conviction relief under CR 60.02. Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was again tolled during the pendency of his CR 60.02 motion. The limitations period did not restart until the Kentucky Supreme Court denied discretionary review on March 13, 2013, at which time the Court of Appeals' decision became final. Therefore, Major had until June 20, 2013, to timely file a § 2254 motion.

While Major's action of filing the post-conviction motions and collateral appeals tolled the statute of limitations, he did not file his present § 2254 petition until July 8, 2014–more than twelve

8

months after the one-year statute of limitations expired under the AEDPA. Once the one-year limitations period has expired, a federal petition can no longer be considered. Therefore, Major's § 2254 petition is time-barred.

To the extent that Major may seek it, no basis for equitable tolling of the statute of limitations is shown in this case. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (*citing Day v. McDonough*, 547 U.S. 198, 205 (2006)). Equitable tolling permits a court to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011). The Supreme Court has established that a habeas petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating: (1) "some extraordinary circumstance stood in his way and prevented timely filing," and (2) "he has been pursuing his rights diligently." *See Holland*, 560 U.S. at 649 (quotation marks and citation omitted). The Sixth Circuit has stated that district courts should apply equitable tolling "sparingly" and on a "case-by-case basis." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011) (citations omitted).

As discussed above, this Court on three separate occasions has previously declined to consider recharacterization of Major's improper petitions for relief as a petition under § 2254. The Court explained in each case that any recharacterization would be futile in light of the clear time bar. Despite this notice from the Court, in his § 2254 petition Major fails to offer any grounds whatsoever which could trigger the doctrine of equitable tolling. Indeed, Major does not address the limitations period at all. The record demonstrates that even though Major sought post-conviction relief through an RCr 11.42 motion and a CR 60.02 motion, he waited an additional sixteen months after the

Kentucky Supreme Court denied discretionary review before filing his present § 2254 petition. This delay in action does not portray the diligent pursuit of one's rights. Moreover, Major has failed to show extraordinary circumstances that might warrant equitable tolling.

### B. Procedural Default.

Even if Major's Petition were not time-barred, his claims for relief would be subject to dismissal for his procedural default. It is well established that a state prisoner must first exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). To be deemed properly exhausted, each claim must have been fairly presented to the state courts. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009); *Hafley*, 902 F.2d at 483. "Fair representation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414-15. "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system, including the state court of last resort." *Hafley*, 902 F.2d at 482. "A federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Wagner*, 581 F.3d at 415.

In the present action, Major has not met his burden of demonstrating exhaustion of state court remedies.[7] Exhaustion requires that the petitioner present the "same claim under the same theory." *Pilette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). Here, Major did not fairly present in the state court the claim of ineffective assistance of counsel that he now asserts in his pending § 2254 Petition. In his RCr 11.42 Motion filed in the Jessamine Circuit Court (*see Major v. Commonwealth*, No. 2008-CA-001855-MR, 2009 WL 4060490 (Ky. Ct. App. Nov. 25, 2009)), Major claimed that he did not meet the criteria to be a persistent felony offender, and that his counsel was ineffective for failing to discover and/or assert that argument. Here, Petitioner's claim that his "conviction obtained by action of grand jury which was unconstitutionally selected and impaneled. Denied effective assistance of counsel" has not been fairly presented to the state court for review. Thus, Petitioner has not exhausted his state court remedies.

Additionally, review of the appellate decision on Petitioner's 60.02 motion shows no mention of an ineffective assistance of counsel claim or the any of the other various grounds Major now presents. In his 60.02 motion, Major challenged his classification as a persistent felony offender, and argued that the Commonwealth violated his right to due process when it failed to identify the felonies used to support his enhanced PFO status. Major did not raise any of the same constitutional challenges he now sets forth in his present motion. Accordingly, because Major did not fairly present the issues raised in his habeas petition to the state courts, he has not exhausted his state remedies.

---

[7] It is unclear from his filing exactly what claims Major is asserting because he does not set forth any factual basis to support each of his various grounds for relief. Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 states that a petition for habeas relief must "state the facts supporting each ground." Instead, in his Petition, Major appears to have directly copied portions of the immediately preceding form list of the "most frequently raised grounds for relief in habeas corpus proceedings" without providing any facts to support those grounds. (R. 1, at 5-6).

The exhaustion requirement only bars federal habeas review if state remedies are still available at the time the petitioner files his habeas petition. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (*citing Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). When a petitioner has not exhausted his state remedies, the federal court must determine whether the petition should be dismissed in order to allow for the petitioner to present his claims to the state court. If a petitioner failed to present his claims to the state court and would now be procedurally barred from doing so, there is a procedural default for purposes of his federal habeas claim. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Bechtol*, 568 F.App'x at 446 (claim procedurally barred where petitioner failed to exhaust state court remedies by fairly presenting issue to state appellate court and alternative state remedies are no longer available).

Here, Major could have reasonably presented the same claims he now asserts in his habeas petition in his initial RCr 11.42 motion, but he failed to do so. Instead, he proceeded only on his claims that his counsel was ineffective for failing to object to or argue his classification as a persistent felony offender. Kentucky's post-conviction remedies are no longer available to Major. Specifically, Kentucky law provides that a defendant may seek relief through filing a post-conviction motion pursuant to either Kentucky Rule of Criminal Procedure 11.42 or Kentucky Civil Rule 60.02. Under Kentucky law, a defendant may file a post-conviction motion for relief under RCr 11.42 within three years of final judgment, with certain exceptions not at issue here. *See* RCr 11.42(1). All possible grounds for relief must be presented in this post-conviction motion, and the defendant will be barred from later raising any issue "that could reasonably have been presented." RCr 11.42(3); *see also Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009). Further, post-conviction relief under CR 60.02, while not subject to the same three-year limitations period, is

12

available only in limited circumstances. Kentucky courts have consistently held that CR 60.02 relief is not intended as merely an additional opportunity to raise claims that could and should have been raised in prior proceedings, but, rather, "is for relief that is not available by direct appeal and not available under RCr 11.42." *Gross v. Commonwealth*, 348 S.W. 2d 853, 856 (Ky. 1983).

Because Kentucky law precludes successive RCr 11.42 motions raising issues that should have been raised on direct appeal or in an initial RCr 11.42 motion, Major is now barred by Kentucky law from raising these issues in a later motion. *See Harris v. Commonwealth*, No. 2010-CA-00826-MR, 2011 WL 1706771, at *2 (Ky. Ct. App. May 6, 2011). Even if Major set forth a factual basis for why his habeas claims could not have been raised in his initial RCr 11.42 motion, the three-year time period permitted under Kentucky law for filing an RCr 11.42 motion has long expired. Moreover, because each of Major's claims could have been brought in his initial RCr 11.42 proceedings, they do not qualify to be brought in a CR 60.02 proceeding. Thus, this Court concludes that requiring Major to return to state court is unnecessary because the state court would deny his claims on procedural grounds.

Major's procedural default can only be excused if he can establish cause and prejudice for the failure to present his claims to the state court or if he can show actual innocence. *Nesser v. Wolfe*, 370 F. App'x 665, 669-70 (6th Cir. Mar. 25, 2010); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). Major's Petition offers no reasons why the default of his claims should be excused under either exception to the exhaustion of state remedies requirement. Major admits that he has not previously raised his fifth ground for relief–"[t]he fact of an ab-initio totally void indictment"–and explains that he has not presented this ground because of "gross-neglect, nepotism, malfeasance, and bias and prejudice." (R. 1, at 6). However, this explanation does not establish either cause or

prejudice so as to cure Major's procedural default. Major has also not presented a claim of actual innocence. Therefore, Major's claims for relief under § 2254, even were they somehow to be viewed as timely filed, are nevertheless procedurally defaulted.

### IV.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2254 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

**V.     CONCLUSION AND RECOMMENDATIONS**

For the reasons stated herein, **IT IS RECOMMENDED** that:

1.      Defendant's Petition to Proceed In Forma Pauperis (R. 2) be **denied**;

2.      The Clerk of the Court be directed to complete a Notice of Payment Form (Form EDKy 525) with (a) Major's name, (b) his inmate registration number, and (c) this case number, and send this Notice of Payment Form, along with a copy of the District Court's final order, to the warden of the institution in which Major is currently confined;

3.      Major's custodian be directed to pay the $5.00 filing fee to the Clerk of the Court using funds from Major's inmate trust fund account, but only if the amount in the account exceeds $10.00;

4.      Major's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) be **denied;**

5.      A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

6.      Judgment in favor of the Defendants be entered contemporaneously with the District Court's entry of its final order; and,

7.      This action be **stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the

statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 26th day of January, 2015.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254PrelimsSOL\14-278-JMH Major R&R prelim. review.wpd