UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CHRISTOPHER M. MAJOR, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Case No. |
| | ) | 5:14-CV-278 |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\* \* \*

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Candace J. Smith. [DE 4]. Said action was referred to the magistrate for the purpose of reviewing the merit of Major's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, [DE 1].

In her Report and Recommendation, the Magistrate Judge found that a preliminary review of Major's petition reveals that it must be dismissed without a formal response because it is both time-barred and procedurally defaulted. The Magistrate Judge concludes that pursuant to 28 U.S.C. § 2244(d), Major had until June 20, 2013 to file a timely petition for habeas relief. Because Major's petition was not filed until July 8, 2014, over a year late, and there is no basis for equitable tolling, it is time-barred. Furthermore, the Magistrate Judge concludes that Major's claims are subject to dismissal because he has not

demonstrated exhaustion of state court remedies and is, therefore, barred from raising these issues in his Petition.

On February 10, 2015, the Clerk received a letter from the Petitioner postmarked February 7, 2015. [DE 5]. In this letter, Petitioner requests an attorney be appointed and raises several other grievances with the criminal proceedings in state court that he did not raise in his original § 2254 petition. [DE 1]. However, although Major's filing is within the 14-day period allowed for objections to the Magistrate's Report and Recommendation,[1] it does not appear to respond to any of the Magistrate's findings.

A petitioner may move to amend or supplement his habeas petition, and said motion is not a second or successive petition when it is filed before final adjudication of the initial habeas petition. *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014). Major's motion was filed before this Court rendered a final judgment, before final adjudication on the merits. Therefore, this Court will construe that Major's filing as an amended § 2254 petition and a motion for appointment of an attorney, and determines that, otherwise, Major has raised no

---

[1] Applying the prisoner mailbox rule, the Court deems the Petition to have been filed on February 6, 2015. The petitioner signed it on that date, and the postmark for February 7, 2015, supports the conclusion that the petitioner placed the letter into the institution's internal mailing system on February 6. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; see also *Houston v. Lack*, 487 U.S. 266, 273 (1988).

objections to the Magistrate's Report and Recommendation. The Court will take up each of these issues below.

First, the Court will deny Major's motion to appoint counsel. In habeas proceedings, "representation may be provided" where "the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Accordingly, unless an evidentiary hearing is necessary, the decision to appoint counsel is within the sound discretion of the court. *Id.*; *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); Rules Governing § 2255 Proceedings, R. 8 ("If an evidentiary hearing is warranted, the judge *must* appoint an attorney .... " (emphasis added)). As other district courts in this circuit have found, appointment of counsel is appropriate if the petitioner "could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)).

Here, no evidentiary hearing is necessary. Additionally, the interests of justice do not require appointment of counsel. Petitioner explains that he "does not know the laws and doesn't have a GED." [DE 5 at 2]. Although Petitioner's filings evidence his confusion as to which law is relevant to his particular complaints, this has not hampered his access to the court's

3

review of all of his concerns by several of the judges in this district in various, separately filed actions, as well as by the Sixth Circuit. *See Major v. Commonwealth*, Case No. 14-5758 (6th Cir. 2014); *Major v. Kentucky*, No. 5:14-cv-188-JMH; *Major v. Kentucky*, No. 5:14-cv-250-KKC; *Major v. Kentucky*, No. 5:14-cv-251-DCR; *Major v. Kentucky*, No. 5:14-cv-252-KKC. Furthermore, an attorney's assistance, at this stage, would not improve Major's chances of prevailing on his claims in such a way that would warrant the appointment of counsel.

As for the Magistrate Judge's Report and Recommendation, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner does not file objections to the Report and Recommendation, as in the case *sub judice,* "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Consequently and in the absence of any objections from Major, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as its own.

Next, regarding Major's motion to amend his initial § 2254 motion, [DE 5], Major appears to contend that he was incorrectly labeled and convicted as a persistent felony offender. He also

4

contends that, in what the Court assumes is state court, he attempted to fire his attorney but the judge would not honor his request and would not allow him to withdraw his plea agreement prior to sentencing. [*Id.*]. For the same reasons articulated by the Magistrate Judge as to why Major's initial § 2254 is time-barred, these new claims are also time-barred and must be dismissed.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue .... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 325 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Major cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that Major's Motion for Appointment of Counsel, [DE 5], is **DENIED;**

(2) that the Report and Recommendation of Magistrate Judge Candace J. Smith, [DE 4], is **ACCEPTED** and **ADOPTED;**

(3) that Major's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, [DE 1], and Amended Petition, [DE 5], is **DENIED**;

(4) that no certificate of appealability will issue.

This the 26th day of February, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

6